**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4272**

———————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

ANDREW LAMAR COLEY,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:13-cr-00214-JAB-3)

———————

Submitted:  December 5, 2014          Decided:  January 7, 2015

———————

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James E. Quander, Jr., Winston-Salem, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Coley appeals the district court's criminal judgment imposing a 314-month sentence following his guilty plea to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Coley's counsel filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Coley's sentence is reasonable. Although notified of his right to do so, Coley has not filed a pro se supplemental brief. We affirm.

We review Coley's sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51; see United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we conclude that the sentence is procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, the record reveals no procedural or substantive error in Coley's sentencing. The district court properly calculated Coley's Guidelines range and adequately explained the reasons for imposing a below-Guidelines sentence. Moreover, Coley failed to rebut the presumption that his sentence was substantively reasonable under the § 3553(a) factors. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

In accordance with Anders, we have reviewed the entire record and found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Coley, in writing, of his right to petition the Supreme Court of the United States for further review. If Coley requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Coley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED